No. 62,075

STATE OF KANSAS, *Appellant*, v. JAMES J. CHAPMAN and ROBERT L. WESTHOFF, JR., *Appellees*.

(769 P.2d 660)

Opinion filed March 3, 1989.

*Mona Furst*, assistant district attorney, argued the cause, and *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, were with her on the brief for appellant.

*Kiehl Rathbun*, of Wichita, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

McFARLAND, J.: James J. Chapman and Robert L. Westhoff, Jr., were, at all times pertinent, codefendants in certain criminal proceedings. The district court held that their statutory speedy trial rights (K.S.A. 22-3402[2]) had been violated and dismissed the charges. The State appeals from this determination pursuant to K.S.A. 22-3602(b)(1).

The applicable statute is K.S.A. 22-3402(2), which provides:

"If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within one hundred eighty (180) days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (3)."

In case No. 87-CR-913, defendant Chapman was charged with attempted possession of cocaine and possession of marijuana; defendant Westhoff was charged with attempted possession of cocaine.

Both defendants were arraigned on July 28, 1987. The charges were dismissed on October 5, 1987, on what, in Sedgwick County, is known as the prime trial date. On October 14, 1987, identical charges were refiled in case No. 87-CR-1652. On November 4, 1987, the case came before Judge Paul Clark for preliminary hearing. A one-day continuance was granted. On November 5, 1987, preliminary hearing was waived and de-

fendants were arraigned. Trial was set for January 11, 1988, with the prime trial date being set for February 22, 1988. At the same time, the prosecution issued subpoenas for the prime trial date. The trial date-prime trial date dichotomy appears to be well established in Sedgwick County lore and is utilized routinely. Rarely do cases go to trial on the trial date, as it is expected a defendant will seek to continue the case to the prime trial date. The purpose of this ritual is obscure to outsiders but appears to be standard operating procedure in that judicial district.

In any event, this brings us to the area of dispute in the computation of the 180-day time period. The January 11, 1988, trial date was within the 180-day period. The February 22, 1988, date was outside of the period. On February 22, 1988, (the prime trial date) the case was called for trial. Defendants moved for discharge on the basis of violation of their statutory speedy trial rights. The State sought to introduce a computer printout showing the trial had been continued from the trial date (January 11) to the prime trial date at defendants' request, the continuance having been granted on January 11. It is undisputed that the procedure followed is for the administrative assistant (or court services officer) to telephone defense counsel to ask if defendant wants to continue the case from the trial date to the prime trial date. Such a continuance was described as "practically automatic." This is why subpoenas are targeted to the prime trial date. Defense counsel had no recall as to whether or not he had been contacted by the administrative assistant and had requested the continuance in this case. On the day of the hearing the administrative assistant was ill and could not testify.

Defense counsel argued that the computer printout was inadmissible as evidence herein by virtue of K.S.A. 60-2601a, which provides:

"In any county which has a computer information storage and retrieval system for the use of the clerk of the district court of such county, the records and information required to be maintained in the dockets and journals under the provisions of section 60-2601(b)(1), (2), (3), and (4) may, *upon order of the administrative judge of such court,* be maintained in such computer information storage and retrieval system. The clerk of the district court of such county shall be charged with the responsibility of making such records and information maintained in such computer information storage and retrieval system accessible to the public during normal working hours." (Emphasis supplied.)

Court recordkeeping had been "computerized" in Sedgwick

County for some time prior to the events herein, but no order of the administrative judge pursuant to the statute had been entered. The statutory order was entered shortly after the hearing herein.

The district judge was pursuaded by this argument and held that the computer printout was inadmissible. There was, accordingly, no evidence before the court that a continuance had been at the request of the defendant. Thus, the motion to dismiss for violation of the speedy trial statute was granted. The State contends this was error. We agree.

The question of fact before the court was whether or not the trial had been continued from January 11 to February 22 at defendants' request. The computer printout was certainly relevant evidence on that question of fact. It was clearly admissible. The weight to be afforded such evidence would be for the court to determine. The district court applied K.S.A. 60-2601a too broadly. The statute is intended to accomplish an orderly transition from "paper" recordkeeping to computer recordkeeping. The failure to have a formal order authorizing the use of computer recordkeeping does not render occurrences and events recorded therein nullities. If a judge grants a motion for a continuance in a hallway or snack bar and makes no record at all thereof, the granting of such continuance does not become a nonoccurrence. From the evidence available, the finder of fact must determine whether or not the continuance was granted. The ruling of the trial court herein would render innumerable court proceedings to be nullities if the only court record thereof lay in the computer.

We conclude that the judgment of the district court must be reversed and the case must be remanded for a determination, based upon all relevant evidence presented, as to whether or not the trial was continued from January 11, 1988, to February 22, 1988, at defendants' request. After such determination, the motion for dismissal for violation of the speedy trial statute can be properly resolved.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.